UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

ALEX LYLE,

        Plaintiff,                     Case No. 1:14-cv-1109

v.                                       Honorable Paul L. Maloney

SABRINA AIKEN et al.,

        Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Alex Lyle is a state prisoner incarcerated by the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, though the events giving rise to the complaint occurred while he was incarcerated at the Michigan Reformatory. Most of the Defendants are registered nurses employed by the MDOC, including: Todd Lambart and Health Unit Manager Bryan Deeren, both of whom are located at the Michigan Reformatory; Clinical Administrative Assistant Sabrina Aiken, who is located at "Jackson Health Care Office Administration" in Jackson, Michigan; and S. Laughhunn, who is located at the MDOC's Bureau of Health Services in Lansing, Michigan. (Attach. A to Compl., docket #1-1, Page ID#5.) Plaintiff also sues "Unknown John Does and Mary Does MDOC Health Care Employees" located in Lansing, Michigan ("Unknown Part(y)(ies) #1") and "Unknown John Does and Mary Does CORIZON Health Care Employees," located in Lansing Michigan ("Unknown Part(y)(ies) #2"). (*Id.*)

Plaintiff asserts that he has been complaining about "continuing pain in his penis and groin area, hernia, vomiting, dizziness, rectal bleeding and a foul body odor" since 2005.[1] (Attach. B to Compl., docket #1, Page ID#6.) Despite his complaints, Plaintiff has not been allowed to see a doctor. Instead, he is seen by registered nurses who tell him that nothing is wrong, refer him to a psychologist, and "run interference" so that he is never able to see a doctor. (*Id.*) Plaintiff contends that Defendants admitted the existence of his condition in response to a grievance that he filed. In addition, Plaintiff contends that they admitted that tests were ordered for him; however, he contends

---

[1] Indeed, Plaintiff filed a similar action in 2008, claiming that officials at the Baraga Maximum Correctional Facility failed to provide adequate medical care for the same conditions at issue in this case, i.e., a hernia, abdominal pain, rectal bleeding, and foul body odor. *See Lyle v. Warren et al.*, No. 2:08-cv-29 (W.D. Mich.). That case concluded in 2010, when the court granted summary judgment in favor of the defendants.

that they have not disclosed the results of those tests. Also, Defendants have allegedly told him that he could pay for a second opinion at his own expense. Plaintiff cannot afford to do so, however.

According to the attachments to the complaint, Plaintiff filed a grievance in December 2013, asserting that he had complained to "nurses" and a "practitioner" (specifically, "Nurse RN. Anna M. Cassese") about pain in his penis and groin area, a hernia in his stomach, vomiting, foul body odor, and dizziness; however, he was "being delayed adequate health care treatment." (MDOC Prisoner/Parolee Grievance No. RMI 1312255012E1, docket #1-2, Page ID#8.) Defendants Lambart and Deeren denied the grievance, noting that he submitted a healthcare request on November 24 and was seen by a nursing provider on November 26, 2013. (Step I Grievance Response, docket #1-2, Page ID#9.) The nurse "issued him a treatment plan including OTC analgesic medication, education, reassurance, and recommendations." (*Id.*) In addition, Lambart and Deeren noted that he was seen by a "medical practitioner" on November 1, 2013. (*Id.*)

Plaintiff appealed the denial of his grievance; his appeal was denied by Defendant Aiken, who summarized the details regarding his care as follows:

> Upon investigation of the EMR (Electronic Medical Records) Grievant was seen by MP on 11/1/13; educated, FOBT, labs & EKG ordered and informed to follow up as needed. Labs & EKG completed. 11/12 HCR received, Grievant assessed by RN on 11/14 for multitude of somatic complaints and informed Mr. Lyle the labs were WNR. The MP did a CRV; Labs, vitals and Visit with exam reviewed from 11/1/13. Weight no change, labs good. No action needed at this time.
> The EMR reflects on 11/22[,] Mr. Lyle admitted that he doesn't like locking at RMI and would like a transfer. 11/24 HCR; Stomach pains, hernia, occasional vomiting, headaches, dizziness, foul body odor. Grievant assessed by RN on 11/26; Anxiety r/t fear of being poisoned in past? Somatic complaints. It was noted by RN; these same complaints go all the back to 2005. On 12/1 HCR; multiple complaints, Grievant scheduled to see RN on 12/3, however he was transferred to LRF on 12/3/13. LRF RN appt on 12/1/2; No body odor detected at this time. Will refer to OPT for evaluation. Instructed pt to contact HS if symptoms worsen or don't improve. Pt verbalized understanding.

> Mr. Lyle was seen by OPT on 12/13; PP can be seen as needed as delusions appear to be somewhat fixed and non responsive to medications.
> Grievant's allegations are not substantiated by the evidence. Review of the evidence supports that Grievant's medical needs are being addressed.
> If the Grievant believes something more should be done for him medically, he has the option to seek a second opinion at his own expense . . . .

(Step II Grievance Appeal Response, docket #1-2, Page ID#11.)

Plaintiff subsequently appealed his grievance to Step III of the grievance process. Defendant Laughhunn denied the appeal, concluding that the grievance was appropriately addressed at Steps I and II. (Step III Grievance Response, docket #1-2, Page ID#12.)

In short, Plaintiff claims that he has been denied adequate medical treatment. As relief, he seeks: a determination that he has been denied treatment by employees of the MDOC and/or Corizon; an order requiring the MDOC or Corizon to have him evaluated by specialists and then treated appropriately; an order sanctioning those responsible for the denial of his medical care "for all these years"; and damages. (Compl., docket #1, Page ID#4.)

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In addition, a claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658,

691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### A. Defendants Aiken, Deeren, Lambart and Laughhunn

With respect to Defendants Aiken, Deeren, Lambart and Laughhunn, Plaintiff ostensibly claims that they were deliberately indifferent to his need for medical care in violation of the Eighth Amendment. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

The complaint, however, does not allege facts from which to infer that Defendants were directly involved in his medical care, or were responsible for the lack of treatment. Instead, his claim against them appears to be based solely on the fact that they rejected his grievance concerning the lack of care by other officials. As indicated, Defendants cannot be held liable for the conduct of other officials, or because they denied a prisoner grievance. *See Shehee*, 199 F.3d at 300. "The denial of a prisoner's grievance does not by itself support a § 1983 deliberate-indifference

claim." *Mitchell v. Hininger*, 553 F. App'x 602, 608 (6th Cir. 2014). Consequently, Plaintiff does not state a claim against Defendants Aiken, Deeren, Lambart, and Laughhunn.

### B. Unknown Part(y)(ies) #1, Unknown Part(y)(ies) #2

Plaintiff's allegations against the remaining Defendants, Unknown Part(y)(ies) #1 and Unknown Part(y)(ies) #2, also do not state a claim. Plaintiff asserts that these Defendants are employees of the MDOC and Corizon located in Lansing, Michigan. However, the complaint contains no allegations pertaining to conduct by individuals in Lansing, other than Defendant Laughhunn. During the time in question, Plaintiff was housed at the Michigan Reformatory, which is located in Ionia, Michigan. (*See* Attach. A to Compl., docket #1-1, Page ID#5.) The officials directly responsible for Plaintiff's medical care were located at that facility. (*See* Attach. B to Compl., docket #1-1, Page ID#6 (alleging that Plaintiff was "assigned only to RNs at the prison facility," and that these nurses refused to treat him).) There is no plausible basis for inferring any unconstitutional conduct by individuals in Lansing. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*,

No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff has not alleged any conduct by Unknown Part(y)(ies) #1 or Unknown Part(y)(ies) #2, his complaint against them falls far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Consequently, these Defendants will be dismissed for failure to state a claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  January 30, 2015            /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    Chief United States District Judge